**OLAN MILLS, INC.; Professional Photographers of America, Inc., Appellants,**

v.

**LINN PHOTO CO., Appellee.**

**The Recording Industry Association of America, Inc.; The Newsletter Publishers Association, Inc.; Turner Broadcasting System, Inc.; The Association of American Publishers, Inc., Amicus Curiae.**

No. 93–1140.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1993.

Decided May 5, 1994.

Rehearing Denied June 6, 1994.*

---

* Judge John R. Gibson would grant the petition for rehearing.

Thomas Kirby, Washington, DC, argued (Thomas W. Kirby, Bruce G. Joseph and Sean X. McKessy, on the brief), for appellants.

Richard Calkins, Des Moines, IA, argued (Kelly R. Baier, Cedar Rapids, IA, and Richard M. Calkins, Des Moines, IA, on the brief), for appellee.

Before JOHN R. GIBSON, FAGG and BEAM, Circuit Judges.

BEAM, Circuit Judge.

Olan Mills appeals from the district court's grant of summary judgment to Linn Photo in this copyright infringement case. *Olan Mills, Inc. v. Linn Photo Co.,* 795 F.Supp. 1423 (N.D.Iowa 1991). Olan Mills also appeals the denial of its motion for an injunction prohibiting Linn Photo from future infringement. We reverse the entry of summary judgment for Linn Photo, direct the district court to enter summary judgment in favor of Olan Mills, and remand the questions of statutory damages, injunctive relief and attorney fees for Olan Mills.

## I. BACKGROUND

Olan Mills, Inc. operates more than 1,000 portrait studios throughout the United States. Linn Photo Company sells photographic equipment and supplies, develops print and slide film, and reproduces photographs. In mid–1986, Olan Mills discovered that Linn Photo was engaged in unauthorized copying of photographs to which Olan Mills held the copyright. Olan Mills contacted Linn Photo and requested that Linn Photo cease this activity.

In 1987, Olan Mills took a number of photographs of its employees and their families. Olan Mills registered its copyrights in four of these photographs with the United States Copyright Office. Olan Mills then hired a private investigator to conduct an investigation into Linn Photo's allegedly infringing activity. On four separate occasions the investigator ordered reproductions of the copyrighted photographs from Linn Photo. Despite the fact that the photographs were clearly marked with a copyright notice, Linn Photo made the reproductions and the investigator paid for them. For at least three of the requested copies, the investigator signed a "Permission to Copy Agreement" which provided:

THIS IS TO STATE THAT I AM THE OWNER OF THIS PHOTOGRAPH AND HAVE NOT GIVEN ANY ONE ELSE PERMISSION TO COPYRIGHT THIS PHOTOGRAPH. I AM SUBMITTING IT TO LINN PHOTO COMPANY FOR A COPY AT MY REQUEST. THIS COPY IS FOR MY PERSONAL USE, AND I AGREE TO HOLD HARMLESS, LINN PHOTO COMPANY OR ANY OF ITS AGENTS, FROM ANY LIABILITY ARISING FROM THE COPYING OF THIS PHOTOGRAPH.

Olan Mills filed suit in federal district court alleging that Linn Photo's activities infringed Olan Mills' copyrights. Olan Mills requested statutory damages and an injunction prohibiting Linn Photo from future infringement. After discovery, the district court granted Linn Photo's motion for summary judgment on the ground that the investigator, as Olan Mills' agent, licensed the copying. The district court also awarded attorney's fees to Linn Photo on the basis of the three "hold-harmless" forms signed by the investigator. Olan Mills appeals.

## II. DISCUSSION

Article I § 8 of the Constitution provides: The Congress shall have Power ... To Promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries.

Based on this Constitutional authority, Congress promulgated the Copyright Act defining the scope and content of copyright protection. 17 U.S.C. § 101 et seq. Olan Mills challenges the district court's dismissal of its suit under the Copyright Act on two grounds: (1) that the district court misinterpreted agency law; and (2) that the district court erred in concluding that it did not have jurisdiction to consider Olan Mills' request for a permanent injunction. Olan Mills also challenges the district court's rulings on indemnity law.

### A. Agency

■ A copyright grants to the owner several exclusive rights, including the right to reproduce the copyrighted work and to distribute copies to the public. *Pacific and Southern Co. v. Duncan,* 744 F.2d 1490, 1494 (11th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1867, 85 L.Ed.2d 161 (1985). The

district court adopted Linn Photo's agency theory and concluded that because Olan Mills authorized its investigator to seek reproductions of the photographs in question, Olan Mills licensed Linn Photo to make copies of the protected works. We disagree with this conclusion.

■ It is well-established that the lawful owner of a copyright cannot infringe its own copyright. *See United States Naval Inst. v. Charter Communications Inc.*, 936 F.2d 692, 695 (2d Cir.1991). Nor can a copyright owner authorize copying but subsequently revoke its consent, thereby entrapping an otherwise innocent party into infringement. *Steve Altman Photography v. United States*, 18 Cl.Ct. 267, 281 (1989). In our view, however, the licensing theory advanced by Linn Photo is inapplicable.[1]

The scenario in this case is not different from investigative schemes that have been upheld in other copyright enforcement cases in this and in other circuits. *See, e.g., RCA/Ariola Int'l Inc. v. Thomas & Grayston Co.*, 845 F.2d 773 (8th Cir.1988); *RCA Records v. All–Fast Sys. Inc.*, 594 F.Supp. 335 (S.D.N.Y.1984).[2] The investigator in this case merely approached Linn Photo in a conventional manner and offered Linn Photo an opportunity to infringe upon four clearly marked copyrights. Olan Mills did not authorize the investigator to validate Linn Photo's unlawful conduct. Indeed, the investigator's assignment was part of Olan Mills' attempt to stop Linn Photo's infringement. Accordingly, the copies made by Linn Photo at the request of the investigator were copyright violations. Therefore, on remand, the district court should determine the appropriate statutory damages award for Linn Photo's copyright infringement.

**B. Indemnity Law**

■ The district court concluded the indemnity agreement signed by Olan Mills' investigator was an enforceable contract under Iowa law, and, therefore, Olan Mills was liable to Linn Photo for attorney's fees. We disagree. Linn Photo's indemnity agreement does not constitute a good faith effort to avoid copyright infringement. Therefore, Linn Photo cannot rely on that agreement to avoid statutory liability. *See Quinto v. Legal Times of Washington, Inc.*, 506 F.Supp. 554, 562 (D.D.C.1981) (good faith entails both honesty in fact and reasonableness).

■ A purchaser may own a copy of a photograph, but absent specific arrangements to the contrary, the copyright remains vested in the author of a photograph, here Olan Mills. Because the photographs in this case were clearly marked with a copyright notice, Linn Photo could not reasonably rely on its indemnification agreement. Indeed, in light of Olan Mills' earlier requests that Linn Photo cease copying its copyrighted photographs, Linn Photo had actual notice that its activities infringed on Olan Mills' copyrights. The record demonstrates that Linn Photo developed the indemnity agreement, without the help of legal counsel, in an effort to circumvent liability for its infringing conduct. Thus, Linn Photo cannot use the indemnity agreement as a shield to protect itself from liability for its clearly infringing acts.

**C. Injunction**

■ In concluding that it did not have jurisdiction to grant any injunctive relief under 17 U.S.C. § 502(a)[3] the district court

---

**1.** In the district court's view, Olan Mills authorized the investigator to waive its copyright. We disagree. Olan Mills authorized its investigator to act as if he were a customer who owned a copy of a copyrighted work. The investigator's authority is irrelevant to our inquiry because Linn Photo only obtained a waiver from the copy owner without any inquiry as to whether the copyright owner had waived its statutory right of exclusive reproduction.

**2.** Linn Photo stresses the fact that Olan Mills' investigator received written instructions in this case. Although the investigators in the cited cases received verbal instructions, we find this distinction inconsequential. By authorizing an investigation of alleged copyright infringement, a copyright holder necessarily gives the investigator authority to request copying, regardless of whether the instructions are reduced to writing.

**3.** 17 U.S.C. § 502(a) provides in relevant part:

Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.

concluded that Olan Mills did not present a live controversy. *See Olan Mills, Inc. v. Linn Photo,* 795 F.Supp. at 1429. We disagree. Section 502(a) gives the district court the power to issue an injunction to prevent infringement of "a copyright." The power to grant injunctive relief is not limited to registered copyrights, or even to those copyrights which give rise to an infringement action. *Pacific and Southern Co. v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1867, 85 L.Ed.2d 161 (1985). While registration is required under section 411 of the Copyright Act in order to bring a suit for infringement, infringement itself is not conditioned upon registration of the copyright. *See* 17 U.S.C. § 408(a) (registration is not a condition of copyright protection). Thus, a copyright holder can register a copyright and file suit after infringement occurs. The timing of registration only determines whether the copyright holder can recover statutory as opposed to actual damages.[4] *See Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 850 (11th Cir.1990).

In our view, Olan Mills presented a live controversy when it requested a permanent injunction against future infringement of its unregistered copyrighted photographs. Therefore, the district court had jurisdiction to consider Olan Mills' request.

Courts have traditionally crafted broad injunctions to protect copyright holders, regardless of the registration status of the copyright. *See Pacific and Southern,* 744 F.2d at 1499. Injunctions have even prohibited infringement of works not yet in existence. *Id.* at 1499, n. 17. (concluding the power of the district courts to issue injunctions is not limited to works already in existence but applies to future works as well). Faced with the question of extending an injunction to include copyrighted material not included in the suit, the D.C. Circuit decided that "[w]here ... liability has been determined adversely to the infringer, there has been a history of continuing infringement and a significant threat of future infringement remains, it is appropriate to permanently enjoin the future infringement of works owned by the plaintiff but not in the suit." *Walt Disney Co. v. Powell,* 897 F.2d 565, 568 (D.C.Cir.1990). We agree with this statement of the law.

■ When a copyright owner has established a threat of continuing infringement, the owner is entitled to an injunction regardless of registration. *Id.* at 567 (citing *Universal City Studios v. Sony Corp. of America,* 659 F.2d 963, 976 (9th Cir.1981), *rev'd on other grounds,* 464 U.S. 417, 104 S.Ct. 774, 78 L.Ed.2d 574 (1984)). Based on our review of the record, we believe the circumstances contemplated by 17 U.S.C. § 502(a) may exist in this case. Olan Mills presented evidence of Linn Photo's past infringement and of the substantial likelihood of future infringement. Olan Mills further asserted that it had no adequate remedy at law. Therefore, the district court must consider Olan Mills' petition for injunctive relief.

### D. Attorney's Fees

Based on our holdings, we must set aside the district court's award of attorney's fees to Linn Photo. On remand, the district court should consider whether Olan Mills is entitled to recover attorney's fees under section 505 of the Copyright Act.

### III. CONCLUSION

In summary, we conclude that Linn Photo infringed Olan Mills' copyrights and that Olan Mills is entitled to statutory damages under 17 U.S.C. § 504 for the registered photographs. We thus reverse and remand to the district court for a determination of appropriate damages, consideration of injunctive relief and attorney's fees for Olan Mills.

---

4. Section 504(c)(1) provides in relevant part:
   [T]he copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, ... in a sum of not less than $500 or more than $20,000 as the court considers just.

JOHN R. GIBSON, Senior Circuit Judge, dissenting.

I respectfully dissent. The district court, in a carefully crafted opinion reported at 795 F.Supp. 1423 (N.D.Iowa 1991), based the grant of summary judgment on the express authority given by Olan Mills to the investigator to have the photographs reproduced. I conclude that the district court did not err when it decided this issue, and believe that the court's opinion today fails to come to grips with the thrust of the district court's reasoning.

The district court's decision focused on the approval of Olan Mills, but the court today dismisses a waiver and a "licensing theory ... [as] inapplicable." Maj. op. at 1348. A brief review of the record before the district court shows that approval[1] was indeed the central issue before the district court and was correctly decided by it.

The letter written by Olan Mills' counsel in this case to the investigator stated: "[W]e would like you to visit various Linn Photo retail outlets in the Cedar Rapids area posing as an ordinary customer interested in having an enlargement (for example, 8″ × 10″ or 5″ × 7″) made of a 'family' photograph. We would then like you to prepare affidavits reporting on your results." In addition to this general guidance, Olan Mills provided detailed instructions:

1. When seeking reprints, pose as an ordinary customer using your own name. Do not give an address or telephone number unless required to do so. If you can, limit your response to your telephone number (if a different area code, do not give area code). We do not want to be in a position where another party can suggest that we asked you to lie on our behalf. This could affect your credibility with respect to the entire transaction.

\* \* \* \* \* \*

3. When seeking reprints, *the sales person may ask you to sign a form re-*

*leasing them (sic) from any liability* or responsibility for making the reprints. In such a case, *sign the form,* make sure that you receive a copy either then or when your reprint order is ready for pick-up.

4. The sales person also may state they (sic) they can't make copies of the photograph with the copyright notice appearing as it is. The sales person may then either (a) request permssion (sic) to cut-off or otherwise remove the copyright notice; or (b) request that you do so. In such a case, *give the sales person permission* or follow any instructions regarding how you remove the notice. Make sure that our Report details the conversation on this point and the manner in which the copyright notice has been removed.

795 F.Supp. at 1430–31 (emphasis added).

The court today, in a time of burgeoning dockets, places its imprimatur on this staged behavior, with overtones of misrepresentation, planned for the particular purpose of initiating an infringement lawsuit.

As the district court observed, 17 U.S.C. § 106(1) (1988) gives the owner of a copyright "exclusive rights to do and to authorize" the reproduction of "the copyrighted work in copies." Thus, the statute specifically gives Olan Mills, as owner of the copyrighted work, the exclusive right to authorize the reproduction of the four photographs. In turn, Olan Mills entered into an arrangement with the investigator and specifically authorized him to pose as an ordinary customer in obtaining an enlargement of the copyrighted "family" photograph, and to sign any document that he was given.

The court's opinion sets out the permission to copy agreement which the investigator signed with respect to at least three of the four photographs. The agreement specifically stated that the signer owned the photo-

1. The district court pointed to Olan Mills' concession that on some occasions it permitted portrait subjects to obtain reproduction from outside sources, particularly after the passage of two years. 795 F.Supp. at 1429, 1436.

graph, had not given anyone permission to copy it, requested the copy for personal use, and agreed to hold Linn Photo and its agents harmless from any liability arising from the copying of the photograph.

In light of the record before it, the district court correctly held that the investigator was authorized to order these particular photographs and, as the agent of Olan Mills, did approve the copying, and Olan Mills should not be allowed to repudiate it. As copying without approval is one of the elements of an infringement claim, 17 U.S.C. § 106, the district court did not err in concluding that plaintiffs' claim failed. The court today simply turns its head from the district court's painstaking treatment of this issue. Further, the "scenario" it outlines, maj. op. at 1348, characterizes the facts of the transaction between the investigator and Linn in a light far different from the district court's opinion, so faithfully based on the record before it.

The district court further reasoned that the indemnification provisions in the agreement signed by the investigator with respect to three of the four photographs establish Linn's right to obtain a judgment of attorney fees from Olan Mills, and that the agreement was not against public policy. I believe that the district court did not err in these conclusions, and I would affirm the fee award based on the reasoning in the district court's published opinion.

The district court dealt only with the four photographs that had been registered for copyright protection, two of which were presented directly to Linn Photo Shops, and two to Drug Town stores for transmittal to Linn for copying. The district court specifically refused to consider whether there was a systematic course of infringement, finding that plaintiffs had presented no specific evidence with respect to anything other than the four photographs at issue. Olan Mills' general counsel conceded in his deposition that these four specific cases of infringement were "all we've undertaken to prove, for purposes of this lawsuit."

The court today also reasons that the investigator's action in this case is indistinguishable from investigative schemes that have been upheld in other copyright cases. *See RCA/Ariola Int'l, Inc. v. Thomas & Grayston Co.,* 845 F.2d 773 (8th Cir.1988); *RCA Records v. All–Fast Sys., Inc.,* 594 F.Supp. 335 (S.D.N.Y.1984). There are several shortcomings with this approach. Neither of the cases referred to involved a written consent signed by the investigator. Indeed, the district court based its reasoning on this distinction. Neither case involved evidence about the instructions given to the investigator. The investigators in those cases were not authorized by the copyright owners to consent to the copying, and did not, in fact, consent. The investigators either performed the copying themselves, or simply presented a tape to a store employee for copying. *RCA/Ariola,* 845 F.2d at 777; *RCA Records,* 594 F.Supp. at 337. Moreover, both cases involved copyrighted recordings and copying machines prominently displaying decals expressly warning against the copying. *RCA/Ariola,* 845 F.2d at 777 & n. 4; *RCA Records,* 594 F.Supp. at 337. Finally, and more significantly, in neither case was the activity of the investigator at issue, or passed upon by the court. Thus, the investigative cases relied upon by the court today give it no support.

The court today, in reviewing the parties' summary judgment motions, essentially ignores the record before the district court and the district court's reasoning in support of its carefully crafted order. The court errs in reversing the judgment of the district court.