**DEVILS FILMS, INC., Plaintiff,**

v.

**NECTAR VIDEO (a/k/a Kisma Video) Nilupul Video, Inc. and John Does 1–20 Defendants.**

**No. 98 Civ. 8016 (JSM).**

United States District Court,
S.D. New York.

Nov. 13, 1998.

---

Jules D. Zalon, Maplewood, NJ, for plaintiff.

## MEMORANDUM OPINION AND ORDER

MARTIN, District Judge.

Presently before the Court is what at first blush appears to be a routine, although somewhat aggressive, application for an order to show cause and an order of seizure in which plaintiff asks the Court to direct the United States Marshal "using such force as is reasonable and necessary" to enter the defendants' premises and seize videocassettes containing unlicenced copies of plaintiff's copyrighted films the titles of which appear on Exhibit A to the application. The plaintiff also seeks to have the Marshal seize all business records relating to the defendants' video business and a freeze on all the defendants' assets.

While the Court has issued similar orders authorizing the seizure of pirated copies of major commercial films, this application involves different considerations as evidenced by Exhibit A, which lists more than 200 titles under several categories, including, "Straight Anal," "Lesbian," "Transsexual" and one even more explicit category. A viewing of three videotapes, unlicenced copies of which plaintiff purchased in defendants' stores, confirms what the titles suggest—they are hard core pornography bereft of any plot and with very little dialogue. These videotapes are obscene. *Miller v. California*, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).[1]

Thus, the question presented by this application is whether the Court should exercise its equitable powers and commit the resources of the United States Marshal's Service to support the operation of plaintiff's pornography business. While the Court may not discriminate in the exercise of its powers because it disagrees with the content of protected speech, the First Amendment does not protect obscene material. *Miller*, 413 U.S. at 23, 93 S.Ct. at 2614.

Plaintiff's videos indicate that they are produced in California and plaintiff's affidavits state that they are distributed in New York, among other places. Based upon review of the videotapes and information contained in plaintiff's application, probable cause exists to believe that the plaintiff is violating 18 U.S.C. § 1466, which makes it a felony to engage in the business of selling or transferring obscene material shipped in interstate commerce. It further appears that the videos plaintiff seeks to protect are subject to forfeiture under 18 U.S.C. § 1467. *See generally Alexander v. United States*, 509 U.S. 544, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993) (affirming six year sentence and forfeiture where defendant was involved in the business of distributing obscene material).

Given the clearly criminal nature of plaintiff's operation, it is self-evident that the Court should not use its equitable power to come to plaintiff's assistance and should invoke the doctrine of unclean hands and leave the parties where it finds them. *Dunlop–McCullen v. Local 1–S AFL–CIO–CLC*, 149 F.3d 85, 90 (2d Cir.1998). Yet, that which logic would suggest is called into doubt by cases from two circuits that have held that obscenity is not a defense to a claim of copyright violation. *See Jartech v. Clancy*, 666 F.2d 403 (9th Cir.1982); *Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852 (5th Cir.1979). In addition, one

---

**1.** To be obscene under *Miller*, a work must: (a) taken as a whole and applying contemporary community standards, appeal to the prurient interest, (b) contain patently offensive depictions or descriptions of specified sexual conduct, and (c) on the whole have no serious literary, artistic, political or scientific value. *General Media Communications v. Cohen*, 131 F.3d 273 (2d Cir. 1997) (Parker, J., dissenting), *citing Miller*, 413

U.S. at 24, 93 S.Ct. at 2614–2615. In New York, "specified sexual conduct" includes sexual intercourse, sodomy, sexual bestiality, masturbation, sadism, masochism, excretion or lewd exhibition of the genitals. N.Y. Penal Law § 235.00 (McKinney 1997). *See U.S. v. Levinson*, 991 F.2d 508, 510 (9th Cir.1993) (Judicial officer is "presumed to know the standards of the community of which he is a part.")

Circuit Court opinion expresses the view that the Court does not have discretion to deny a copyright holder the extraordinary remedies available under the Copyright Act. *Duchess Music Corp. v. Stern,* 458 F.2d 1305 (9th Cir.1972).

█ Since this is only an application for preliminary relief, the Court need not decide if obscenity is a defense to a claim of copyright violation. As with any application for a temporary restraining order, the Court must first decide if the plaintiff faces an imminent and irreparable injury. Then it must determine if (1) the plaintiff is likely to succeed on the merits or (2) the case presents serious questions going to the merits to make them a fair ground for litigation and the balance of hardships tips in favor of the movant. *Alliance Bond Fund v. Grupo Mexicano de Desarrollo,* 143 F.3d 688, 696 (2d Cir.1998). It is far from clear that the Second Circuit will follow the Fifth and Ninth Circuits in rejecting the argument that obscene material is entitled to copyright protection. While this is a serious question, plaintiff's hardship in the form of lost sales is less important than the potential ramifications of ordering the U.S. Marshal to aid in the violation of federal and state law. It strains credulity that Congress intended to extend the protection of the copyright law to contraband. Moreover, the principal argument relied on by the Fifth and Ninth Circuits in rejecting the obscenity defense is that requiring the Copyright Office to decide whether a work is obscene might inhibit protected speech. While such a system might amount to a prohibited prior restraint, the considerations are completely different when the matter reaches the courts and a judicial determination that the material is obscene can be made. See *Alexander* 509 U.S. at 552, 113 S.Ct. at 2772, *citing Fort Wayne Books v. Indiana,* 489 U.S. 46, 66, 109 S.Ct. 916, 929, 103 L.Ed.2d 34 (1989). Once a court has determined that copyrighted material is obscene, there seems no reason to require it to expend its resources on behalf of a plaintiff who it could as readily be trying for a violation of the federal criminal law.

These same considerations of the proper allocation of judicial resources also distinguish *Duchess Music,* the Ninth Circuit opinion finding no discretion to deny the relief provided by the Copyright Act. There, the Circuit Court reversed a district court decision to return to the defendant certain equipment used to manufacture bootleg records. In reaching its decision, the Circuit Court relied on the language of the Copyright Act that an infringer "shall be liable ... to deliver ... for destruction [the] means of making such infringing copies" and held that a district court lacked discretion to return seized items within the statutory definition. Removing from a district court discretion to return seized property that it has already decided falls within the statutory definition is quite different from compelling a court to assist a party engaged in a trade prohibited by Congress.

In any event, cases following *Duchess Music* have rejected the view that a district court lacks discretion to deny equitable relief under the Copyright Act. See *Georgia Television v. TV News Clips,* 718 F.Supp. 939, 950 (N.D.Ga.1989); *RCA Records v. All–Fast Systems,* 594 F.Supp. 335, 340 (S.D.N.Y. 1984); *WPOW v. MRLJ Enterprises,* 584 F.Supp. 132, 134 (D.D.C.1984); *Jondora Music v. Melody Recordings,* 351 F.Supp. 572, 576 (D.N.J.1972). *Duchess Music* was authored before the 1976 revisions to the Copyright Act, and plaintiff relies upon a section of the revised Code, 17 U.S.C. § 503, as authority for seizure. Congress wrote Section 503 in permissive language, and a district court may decline to impound infringing works. *Midway Mfg. v. Omni Video Games,* 668 F.2d 70, 72 (1st Cir.1981); *Paramount Pictures et. al. v. Jane Doe,* 821 F.Supp. 82 (E.D.N.Y.1993).

Finally, as Judge Newman recently observed, any exercise of the Court's equitable authority must "sensitively assess all the equities of the situation, including the public interest." *Million Youth March v. Safir,* 155 F.3d 124, 125 (2d Cir.1998). *See also Time Warner Cable v. Bloomberg,* 118 F.3d 917, 929 (2d Cir.1997) (Court must balance public interests before granting injunctive relief.)

Here the strong public policy against the distribution of obscene material compels the

conclusion that the Court should not exercise its equitable powers to benefit plaintiff.

For the foregoing reasons, plaintiff's application for an order of seizure and a preliminary injunction is denied.

Further, the November 9, 1998 Order of Judge Milton Pollack sealing the Complaint and other papers is vacated and these documents shall remain unsealed. The videotapes submitted as exhibits by plaintiff shall be maintained under seal for purposes of appellate review.

**SO ORDERED.**