**STRATEGY SOURCE, INC. Plaintiff,**

v.

**Roger LEE, et al., Defendants.**

**No. CIV.A. 02–1829(RBW).**

United States District Court,
District of Columbia.

Nov. 12, 2002.

Duane K. Thompson, Baach Robinson & Lewis PLC, Washington, DC, for Plaintiff.

John E. Scheuermann, Scheuermann & Terhune, Washington, DC, for Defendants.

## MEMORANDUM OPINION

WALTON, District Judge.

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint. Currently, before the Court is also plaintiff's motion for a preliminary injunction that was filed on September 16, 2002. Defendant was granted an extension of time to file a reply to plaintiff's motion for injunctive relief on September 25, 2002. However, in lieu of filing a response to plaintiff's motion, on October 4, 2002, defendant filed its motion to dismiss. Plaintiff filed an opposition to this motion on October 15, 2002. A hearing was scheduled to be heard in this matter on November 13, 2002. However, for the reasons stated below, the Court will grant defendants' motion to dismiss and vacate the hearing date that was scheduled in this matter.

### I.   *Background*

The complaint filed by plaintiff, Strategy Source, Inc. ("SSI"), is one for copyright infringement and unfair competition. Plaintiff alleges that defendants have utilized certain advertising materials and that it "is the exclusive owner of the copyrights in these works." Compl. ¶ 4. Plaintiff further states that "defendants' copying, display, and distribution of these works constitutes a violation of SSI's exclusive rights in its work product under the copyright laws of the United States." *Id.* ¶ 12.

Defendants' motion to dismiss is premised on the theory that the Court does not have subject matter jurisdiction over plaintiff's complaint because plaintiff does not currently possess registration certificates that cover the materials at issue. Defendants' Motion to Dismiss ("Defs.' Mot."), Memorandum of Points and Authorities ("Defs.' Mem.") at 1. Without actual receipt of the certificates of registration for the works at issue, defendant maintains

that plaintiff's complaint must be dismissed because registration of a copyright is "an indispensable element of [plaintiff's] prima facie case." *Id.* In support of this proposition, defendants rely on that part of 17 U.S.C. § 411(a), which provides that:

> [N]o action for infringement of the copyright in any United States work shall be instituted until registration of the copyright claim has *been made* in accordance with this title.

(emphasis added). Defendants contend that this language supports their position that an action for copyright infringement may not be maintained prior to the registration of the work with the United States Copyright Office ("Copyright Office").

In its opposition, plaintiff does not dispute that it has not yet received the certificates of registration for the works at issue. However, plaintiff argues that it has mailed the applications for registration to the Copyright Office but has been advised that the processing of registration applications has been delayed by up to six months due to concerns about anthrax contamination. Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n") at 1. Plaintiff also argues that another district court in this district has expressly rejected the argument advanced by defendant.

## II. *Analysis*

When reviewing a motion to dismiss, the Court must accept as true all the factual allegations contained in the complaint. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). In addition, the Court must "liberally construe[ ]" the complaint in favor of the plaintiff and must grant plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C.Cir.1979). *See also Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C.Cir.1983) ("The rule that the allegations of the com-

plaint must be construed liberally and most favorably to the pleader is so well recognized that no authority need be cited.").

Both parties agree there is a split of authority on whether section 411 of Title 17 of the United States Code requires that a plaintiff alleging a claim of copyright infringement must obtain a certificate of registration from the Copyright Office prior to initiating a lawsuit. *Compare Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1532 (11th Cir.1994) ("Copyright registration is a pre-requisite to the institution of a copyright infringement lawsuit."); *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir.1990) ("The registration requirement [of section 411] is a jurisdictional prerequisite to an infringement suit."); *Brush Creek Media, Inc. v. Boujaklian*, No. C–02–3491, 2002 WL 1906620, at \*3–4 (N.D.Cal. Aug. 19, 2002) ("the plain language of the [Copyright] statute precludes institution of an infringement action while a copyright application is merely pending, even though the Court … [believes] that this result is inefficient."); *Harvard Apparatus, Inc. v. Cowen*, 130 F.Supp.2d 161, 164 (D.Mass.2001) ("With respect to … copyright infringement … registration is a prerequisite to suit …"); *Kregos v. Associated Press*, 795 F.Supp. 1325, 1331 (S.D.N.Y.1992), *aff'd*, 3 F.3d 656 (2d Cir. 1993) ("Before commencement of an action for copyright infringement, a person must register a copyright claim with the Copyright Office…. Indeed, '[r]eceipt of an actual Certificate of Registration or denial of [the] same is a jurisdictional requirement.'") (citations omitted) *with Olan Mills, Inc. v. Linn Photo Co.*, 23 F.3d 1345, 1349 (8th Cir.1994) ("When a copyright owner has established a threat of continuing infringement, the owner is entitled to an injunction regardless of registration."); *Apple Barrel Productions, Inc. v.*

*Beard,* 730 F.2d 384, 386 (5th Cir.1984) ("In order to bring suit for copyright infringement, it is not necessary to prove possession of a registration certificate. One need only prove payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of a registration application."); *International Kitchen Exhaust Cleaning Ass'n. v. Power Washers of North America,* 81 F.Supp.2d 70, 72 (D.D.C.2000) (Kennedy, J.) ("To best effectuate the interests of justice and promote judicial economy, the court endorses the position that a plaintiff may sue once the Copyright Office receives the plaintiff's application, work, and filing fee."); *Havens v. Time Warner, Inc.,* 896 F.Supp. 141, 142–43 (S.D.N.Y.1995) (" '[i]n order to bring suit for copyright infringement, it is not necessary to prove possession of a registration certificate.' ") (citing *Apple Barrel,* 730 F.2d at 386).

■ Although another member of this Court has concluded otherwise, this Court concludes that the position adopted by the Eleventh Circuit and several district courts is the approach mandated by section 411(a). The Court is in agreement with those courts that have found that permitting an infringement lawsuit to go forward in the absence of a registration certificate or denial of the same is in tension with the language of section 411(a) of the Copyright Act. *See, e.g., Ryan v. Carl Corp.,* No. C 97–3873, 1998 WL 320817, at *2–3 (N.D.Cal. June 15, 1998). In Ryan, the Court held that because the language of 17 U.S.C. § 410 indicates "that the Copyright Office, not the applicant registers a claim . . . [,]" registration cannot occur until after a certificate of registration is issued. *See also Brush Creek Media, Inc.,* 2002 WL 1906620, at *4 (same). This conclusion was reached by the *Ryan* court because section 410(a) provides that:

When, after examination, the Register of Copyrights determines that, in accor-

dance with the provisions of this title, the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met, the Register shall register the claim and issue to the applicant a certificate of registration under the seal of the Copyright Office.

Moreover, subsection (b) of section 410 states:

In any case 'in which the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited does not constitute copyrightable subject matter or that the claim is invalid for any other reason, the Register shall refuse registration and shall notify the applicant in writing of the reasons for such refusal.

The language of section 410(b) is further reason to reject plaintiff's position.

Although the *Ryan* court recognized that the requirement that a copyright infringement plaintiff must have a registration certificate issued by the Copyright Office prior to instituting a lawsuit "leads to an inefficient and peculiar result[,]" 1998 WL 320817, at *3, it nonetheless held that acquisition of a registration certificate was Congressionally mandated because even if "Congress were to enact an illogical or ill-advised law, where Congress' intent is clear, the Court is not free to redraft statutes to make them more sensible or just." *Id.*

This Court cannot disagree with *Ryan's* reasoning. Plaintiff, in an attempt to circumvent section 411(a)'s clear mandate, relies on additional language from this section, which provides:

In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration *has been refused,* the applicant is entitled to institute an action for in-

fringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

(emphasis added).

However, this language actually further buttresses the defendants' position. *See, e.g., Brush Creek Media, Inc.,* 2002 WL 1906620, at *4 ("Interpreting the Act to require a certificate prior to bringing an infringement action gives effect to the requirement for bringing a claim upon rejection of the copyright application contained in *17 U.S.C. § 411(a)* ") (emphasis in original). As is clear from this additional language of section 411(a), it is only where the deposit, application and fee have been delivered to the Copyright Office and registration *has been refused* that an applicant who has not been granted a registration by the Copyright Office is entitled to institute an action for infringement. Apparently Congress concluded when it enacted section 411(a) that vetting by the Copyright Office of claims that materials are entitled to copyright protection was a necessary prerequisite to federal courts exercising jurisdiction over such claims. Presumably Congress concluded that the expert wisdom of the Copyright Office justified this result. Therefore, the Court is in agreement with those courts that take the view that a certificate of registration is a jurisdictional prerequisite to filing an infringement suit in this Court, the only exception being where the Copyright Office has refused to issue the certificate of registration. The language of section 411(a) is clear and unambiguous. So to is the language of subsections 410(a) and (b). To conclude that registration or the refusal of registration by the Copyright Office are not jurisdictional prerequisites is to disregard the plain language of these statutes and to in effect re-write them, which as a judge, this Court cannot do.

Although the Court finds that it must dismiss the complaint at this junction, the defendants obviously act at their peril if they continue to use the material because if the plaintiff is awarded a certificate of registration by the Copyright Office (or even if the certificate of registration is refused), its remedies in a successful lawsuit will relate back to the date when the application was filed. *See* 17 U.S.C. § 410(d) ("The effective date of a copyright registration is the day on which an application, deposit, and fee, which are later determined by the Register of Copyrights or by a court of competent jurisdiction to be acceptable for registration, have all been received in the Copyright Office."). That seems to be the relief Congress envisioned, rather than authorizing suit before registration is achieved. And this holds true even though the plaintiff's attempt to obtain the certificates of registration has been delayed by the anthrax situation.[1] If extraordinary circumstances can be a vehicle for bypassing the registration requirement before filing suit, it is Congress that must address the situation, not the courts. And dismissal is required even though plaintiff in this matter seeks injunctive relief. *See* 17 U.S.C. § 502 ("Any court having jurisdiction of a civil action arising under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."). Without jurisdiction, this Court is not empowered to provide any of the relief plaintiff seeks. *Abbott v. Tyson,* Civ. A. 01–0111, 2001 WL 228169, at * 1 (S.D.Ala. Feb. 16, 2001) ("the Court finds that registration of the copyright is a jurisdictional prerequisite to filing suit for either damages or injunctive relief un-

---

**1.** Whether equitable principles would justify denying defendants' dismissal motion need not be addressed by the Court because no such argument has been raised by plaintiff.

der the Copyright Act …"); *but see* *Olan Mills, Inc.,* 23 F.3d at 1349 ("When a copyright owner has established a threat of continuing infringement, the owner is entitled to an injunction regardless of registration.").

For these reasons, the Court finds that plaintiff's complaint must be dismissed. An order consistent with the Court's ruling accompanies this Opinion.

## ORDER

For the reasons set forth in the Memorandum Opinion that accompanies this Order, it is hereby

**ORDERED** that defendants' motion to dismiss is **GRANTED**. It is further

**ORDERED** that plaintiff's complaint is hereby dismissed without prejudice. It is further

**ORDERED** that the motion hearing date of November 13, 2002, is hereby **VACATED**.