# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3309
No. 05-3520

_____

Action Tapes, Inc., a Texas corporation,   *
doing business as Great Notions,   *
  *
    Plaintiff - Appellant/   *
    Cross Appellee,   *
  *   Appeals from the United States
    v.   *   District Court for the
  *   District of Minnesota.
Kelly Mattson, doing business as Kelly   *
J's New Home Sewing Center,   *
  *
    Defendant - Appellee/   *
    Cross Appellant.   *

_____

Submitted: May 19, 2006
Filed: August 30, 2006

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON and BYE, Circuit Judges.

_____

LOKEN, Chief Judge.

A century ago, the Supreme Court held that a copyright owner's exclusive right to distribute a copyrighted product does not include the power to control a purchaser's subsequent disposition of the purchased copy. See Quality King Distribs., Inc. v. L'anza Research Int'l, Inc., 523 U.S. 135, 140-42 (1998), citing Bobbs-Merrill Co. v. Straus, 210 U.S. 339 (1908). This "first sale" principle is now codified at 17 U.S.C. § 109(a), and Congress has resisted efforts to alter the balance of competing interests

it reflects. However, in enacting the Computer Software Rental Amendments Act of 1990,[1] Congress decided that short-term rentals of copyrighted computer software were depriving copyright owners of an appropriate return on their creative investments. See H.R. Rep. No. 735, 101st. Cong., 2d Sess. 7, reprinted in 1990 U.S.C.C.A.N. 6935, 6939 (1990). The response was a limited statutory exception to the first sale principle that prohibits a person in possession of "a particular copy of a computer program" from disposing of that copy for commercial gain by "rental, lease, or lending," unless authorized to do so by "the owner of copyright in [the] computer program." 17 U.S.C. § 109(b)(1)(A). In this case, we explore the boundaries of this additional protection granted only to owners of copyrights in computer programs.

Action Tapes has assembled a portfolio of graphic embroidery designs which it embeds on disk-like memory cards that enable computer-run sewing machines to stitch the embedded design on fabric and apparel. Kelly Mattson is the owner of a sewing machine supplies store in northern Minnesota. Action Tapes commenced this action for willful copyright infringement, alleging that Mattson has repeatedly violated the Rental Amendments Act by renting Action Tapes memory cards to her customers without Action Tapes' permission. Both sides moved for summary judgment. The district court[2] granted summary judgment in favor of Mattson, concluding that Action Tapes memory cards contain only data, not computer programs. Action Tapes appeals. Without reaching the question decided by the district court, we affirm on a different ground -- that Action Tapes failed to prove it applied for registration of the computer program copyrights before commencing this infringement suit. We also affirm the district court's denial of Mattson's motion for attorneys' fees under 17 U.S.C. § 505.

---

[1]Pub. L. No. 101-650, §§ 801-805, 104 Stat. 5089, 5134.

[2]The HONORABLE JOAN N. ERICKSEN, United States District Judge for the District of Minnesota.

-2-

## I.

A copyright in a work "subsists from its creation." 17 U.S.C. § 302(a). However, the copyright owner may not sue for infringement under the federal Copyright Act until the owner has delivered "the deposit, application, and fee required for registration" to the United States Copyright Office, a branch of the Library of Congress. 17 U.S.C § 411(a); see Olan Mills, Inc. v. Linn Photo Co., 23 F.3d 1345, 1349 (8th Cir. 1994). Copyright protection extends to all "original works of authorship fixed in any tangible medium" of expression. 17 U.S.C. § 102(a). But the Copyright Office has prescribed five categories for registration purposes -- nondramatic literary works, works of the performing arts, works of the visual arts, sound recordings, and serials (periodicals). See 17 U.S.C. § 408(c)(1); 37 C.F.R. § 202.3(b)(1).

The Copyright Act defines a "computer program" as a "set of statements or instructions to be used directly or indirectly in a computer in order to bring about a certain result." 17 U.S.C. § 101. A computer program's "source code" is the program as initially written in the programming language being used. The source code is then changed into "object code" before the computer can execute its instructions. See Syntek Semiconductor Co. v. Microchip Tech. Inc., 307 F.3d 775, 779 (9th Cir. 2002). The Copyright Office classifies computer programs as nondramatic literary works because they can be expressed in words and numbers. Therefore, the Office's Circular 61, entitled Copyright Registration for Computer Programs, instructs those applying to register a computer program to complete application Form TX, the form prescribed for nondramatic literary works. See 37 C.F.R. § 202.3(b)(2). The applicant must also deposit with the Copyright Office "one copy of identifying portions of the program (first 25 and last 25 pages of source code) reproduced in a form visually perceptible without the aid of a machine or device, either on paper or in microform." Circular 61, Deposit Requirements, Part I; see also 37 C.F.R. § 202.20(c)(vii)(A)(1).

One who violates the Rental Amendments Act "is an infringer." 17 U.S.C. § 109(b)(4). Action Tapes' complaint alleged that Mattson infringed copyrights "associated with" six memory cards that Mattson rented to others without Action Tapes' permission. In discovery and its summary judgment motion papers, Action Tapes identified six "visual arts" copyright registrations for the copyrights allegedly infringed. Action Tapes submitted no evidence that it complied with Circular 61 in applying for these registrations, and no evidence that it deposited the source codes "in a form visually perceptible without the aid of a machine or device." Indeed, the term source code is nowhere to be found in Action Tapes' pleadings and motion papers, and at the summary judgment motion argument counsel did not know the meaning of that term. Thus, on this record, the six allegedly infringed visual arts copyrights are not, as a matter of law, copyrights "in a computer program" within the meaning of the Rental Amendments Act, 17 U.S.C. § 109(b)(1)(A). Accord Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 284 (4th Cir.), cert. denied, 540 U.S. 879 (2003).

Action Tapes argues that its visual arts registrations suffice to satisfy the § 411(a) requirement that a copyright be registered before an infringement suit is commenced. We disagree. Action Tapes seeks the benefit of a statute that confers extra protection on the owners of a limited category of copyrights. A computer program copyright protects the instructions that cause a computer "to bring about a certain result," here, the stitching of a design by a computerized sewing machine. A visual arts copyright protects the result, here, the original design embedded in the memory card and then stitched on the fabric. The Rental Amendments Act protects the owners of computer program copyrights from competition from customer leasing, but not the owners of copyrights in the design results.

The Copyright Office has promulgated regulations instructing applicants what material they must deposit to obtain a copyright "in a computer program." The Copyright Office examines the deposited material, and its certificate of registration is prima facie evidence of the copyright's validity. 17 U.S.C. § 410(c). Moreover,

-4-

this registration requirement has evidentiary significance. Here, for example, the parties vigorously dispute whether Action Tapes' memory cards contain "computer programs" as defined in 17 U.S.C. § 101. The record would provide a more reliable basis for resolving this dispute had Action Tapes properly applied for computer program copyrights and deposited the required source codes. Because Action Tapes failed to do so, § 411(a) bars its claims for the additional protection that the Rental Amendments Act provides.

On appeal, Action Tapes further argues that summary judgment was improperly granted because the record includes a certificate of registration for a literary works copyright in "NL-1 Northern Lights," and this certificate describes the nature of Action Tapes' authorship as "text of computer programs." This contention reflects a complete change of position. In the district court, Action Tapes did not allege that this literary works copyright was infringed. Indeed, when the district court asked during the summary judgment hearing whether Action Tapes had registered a computer program copyright, counsel replied, "The registration is the visual arts copyright registration." Thus, we find insufficient evidentiary support in the record for Action Tapes' assertion that this certificate relates to a memory card that Mattson allegedly infringed. We do not reverse the grant of summary judgment on the basis of an argument not presented below. See Cronquist v. City of Minneapolis, 237 F.3d 920, 924-25 (8th Cir. 2001).

## II.

In her cross appeal, Mattson argues that the district court abused its discretion when it denied her motion for an award of attorneys' fees authorized by 17 U.S.C. § 505. The decision to award attorneys' fees to a prevailing party under § 505 is a matter for the district court's "equitable discretion," to be exercised in an evenhanded manner by considering factors such as whether the lawsuit was frivolous or unreasonable, the losing litigant's motivations, the need in a particular case to

compensate or deter, and the purposes of the Copyright Act. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 & n.19 (1994). We review the district court's ruling for abuse of discretion. See Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 122 (8th Cir. 1987). Here, Action Tapes raised important and novel issues under the seldom-litigated Rental Amendments Act. The district court did not abuse its discretion in denying an attorneys' fee award.

The judgment of the district court is AFFIRMED.

_____