NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SELLPOOLSUPPLIESONLINE.COM, LLC,

Plaintiff-Appellant,

v.

UGLY POOLS ARIZONA, INC.; BRIAN MORRIS,

Defendants-Appellees.

No. 18-16839

D.C. No. 2:15-cv-01856-BSB

MEMORANDUM*

SELLPOOLSUPPLIESONLINE.COM, LLC,

Plaintiff-Appellee,

v.

UGLY POOLS ARIZONA, INC.; BRIAN MORRIS,

Defendants-Appellants.

No. 19-15714

D.C. No. 2:15-cv-01856-JZB

Appeal from the United States District Court
for the District of Arizona
John Zachary Boyle, Magistrate Judge, Presiding

Argued and Submitted March 5, 2020

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Phoenix, Arizona

Before:  HAWKINS, OWENS, and BENNETT, Circuit Judges.

These consolidated cases arise from a copyright infringement suit brought by SellPoolSuppliesOnline.com LLC ("Plaintiff") against Ugly Pools Arizona, Inc. and its owner, Brian Morris (collectively, "Defendants").  In No. 18-16839, Plaintiff appeals from the district court orders granting summary judgment to Defendants on the copyright infringement and the Digital Millennium Copyright Act ("DMCA") claims.  In No. 19-15714, Defendants appeal from the district court's order denying their request for attorneys' fees under the Copyright Act.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm in both cases. As the parties are familiar with the facts, we do not recount them here.

We review de novo a district court's grant of summary judgment, viewing the evidence in the light most favorable to the nonmoving party.  *See L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012).  We review a district court's decision on attorneys' fees for an abuse of discretion.  *See Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1144 (9th Cir. 2019).

1.      The district court properly granted summary judgment to Defendants on the copyright infringement claim.  We agree with the district court that Plaintiff's certificate of registration was invalid because (1) there is no genuine

dispute over whether Plaintiff knowingly included inaccurate information on its application by falsely representing that the deposit material accompanying its application depicted the website as it appeared on the purported publication date of July 3, 2014; and (2) the Register of Copyrights told the court that it would have refused registration had it known about the inaccurate information. Because Plaintiff's certificate of registration was invalid, Plaintiff failed to satisfy the registration precondition under 17 U.S.C. § 411 to bring a copyright infringement claim.

Plaintiff's argument that the publication date it provided with its application was not false because it only sought to register certain photos and text that were published on July 3, 2014 is unsupported by the record. And because the record supports that Plaintiff sought to register content on its website as depicted in the deposit, we are also unpersuaded by Plaintiff's contention that the question posed to the Register of Copyrights was misleading. Plaintiff's remaining arguments are foreclosed by binding precedent. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019); *Gold Value*, 925 F.3d at 1147.

2.      The district court correctly determined that Plaintiff's claim for the improper removal of copyright management information ("CMI") under the DMCA fails because Plaintiff has not shown that Defendants removed any of Plaintiff's CMI. Under 17 U.S.C. § 1202(b), it is unlawful to intentionally remove

3

CMI without the authority of the copyright owner.  As relevant here, CMI is defined as information conveyed in connection with a work that identifies the owner, author, or title of the work.  *See* 17 U.S.C. § 1202(c).  The information allegedly removed by Defendants did not identify Plaintiff as the owner or author of any content on the website.  Indeed, Plaintiff admitted that the information was a fictitious name.  The fictitious name also did not identify the title of Plaintiff's website, "SPSO Website www.poolandspapartsnow.com."  Thus, the information that Defendants allegedly removed was not Plaintiff's CMI.

      3.    The district court properly determined that Plaintiff's false CMI claim under the DMCA fails because Defendants' copyright notice was not "conveyed in connection with copies" of Plaintiff's work.  In analyzing Plaintiff's false CMI claim, the district court properly limited the work to Plaintiff's photos.  Upon de novo review, we further find that there is no genuine dispute that Plaintiff's work includes only the photos with the "©CVP" marking.

Under the DMCA, it is unlawful to knowingly provide false CMI with the intent to conceal infringement, and CMI is defined as certain information "conveyed in connection with copies . . . of a work."  17 U.S.C. § 1202(c).  Defendants' copyright notice did not meet the definition of CMI because it was not "conveyed in connection with" Plaintiff's photos.  Based on the following undisputed facts, Defendants' copyright notice did not suggest that it was

associated with or linked to Plaintiff's photos: Defendants' copyright notice was located at the bottom of the webpage in a shaded box, separating it from the rest of the content on the webpage; Defendants' notice was generic and did not communicate that Defendants owned the photos; Defendants' notice was not located on or next to Plaintiff's photos; and Plaintiff's photos were imprinted with their own copyright markings.[1]

4. The district court did not abuse its discretion in denying Defendants' motion for attorneys' fees under § 505 of the Copyright Act. That section gives discretion to district courts to "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. In denying Defendants' request, the district court considered several factors, but Defendants only challenge the district court's analysis of two factors—whether an award would advance the goals of the Copyright Act and the objective reasonableness of Plaintiff's position. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 675 (9th Cir. 2017) (citing *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003)).

Given the limited arguments that Defendants made below to show that an award would advance the goals of the Copyright Act, we cannot find that the district court abused its discretion in analyzing this factor. We also cannot find

---

[1] We note that, even if this last fact were subject to genuine dispute, we would still agree with the district court that Defendants' copyright notice was not "conveyed in connection" with Plaintiff's photos given the other undisputed facts.

that the district court abused its discretion in analyzing the objective reasonableness factor. Defendants contend that the district court failed to consider all unreasonable positions taken by Plaintiff throughout the litigation. The district court's order, however, shows that it did consider Plaintiff's positions throughout the litigation. The order recounts Plaintiff's conduct throughout the litigation and states that "Plaintiff advanced several unpersuasive arguments in this litigation." Though the court found Plaintiff's arguments unpersuasive, it ultimately concluded that they were not objectively unreasonable. Thus, the district court did not abuse its discretion in denying Defendants' request for attorneys' fees.

Each party shall bear its own costs on appeal.

**No. 18-16839: AFFIRM.**

**No. 19-15714: AFFIRM.**

6