NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TD AMERITRADE, INC.; TD AMERITRADE HOLDING CORPORATION; TD AMERITRADE IP COMPANY, INC.; TD AMERITRADE SERVICES COMPANY, INC., <br><br> Plaintiffs-counter-defendants-Appellees, <br><br> v. <br><br> JAMES RICHARD MATTHEWS, <br><br> Defendant-counter-claimant-Appellant. | No. 21-35788 <br><br> D.C. No. 3:16-cv-00136-SLG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted June 8, 2022[**]
Anchorage, Alaska

Before: HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

James Matthews opened an investment account with TD Ameritrade,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

employing a platform allowing him to use the company's "thinkScript" programming code to aid in trading securities. He then registered a copyright for a compilation work that included code from TD Ameritrade's thinkScript User Manual. Matthews then filed a nonconsensual lien against TD Ameritrade's property in the Anchorage Recording District.

TD Ameritrade sued Matthews seeking cancellation of the lien and injunctive relief. Matthews asserted counterclaims for copyright infringement and alleged violations of the Digital Millennium Copyright Act ("DMCA"). The district court granted summary judgment to TD Ameritrade on the counterclaims, and subsequently entered a final judgment in favor of TD Ameritrade on the complaint and counterclaims. On appeal, Matthews challenges only the summary judgment on the counterclaims. Reviewing de novo, *see Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, 925 F.3d 1140, 1143 (9th Cir. 2019), we affirm.

1. A party alleging copyright infringement must "show ownership of the allegedly infringed material." *A&M Recs., Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001); *see also MDY Indus., LLC v. Blizzard Ent., Inc.*, 629 F.3d 928, 944 (9th Cir. 2010) (ownership of a copyright is also an element of a DMCA claim). Ownership "vests initially in the author or authors of the work." *DC Comics v. Towle*, 802 F.3d 1012, 1023 (9th Cir. 2015) (quoting *U.S. Auto Parts Network, Inc. v. Parts Geek, LLC*, 692 F.3d 1009, 1015 (9th Cir. 2012)). The copyright owner

2

"has a number of exclusive rights, including the right 'to prepare derivative works' based on [the] original work." *Id.* (quoting 17 U.S.C. § 106). Although copyright registration "establishes a prima facie presumption of the validity of the copyright," *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir. 1992), that presumption may be rebutted, *see Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). TD Ameritrade did so here, presenting uncontroverted evidence that it was the copyright owner of the thinkScript User Manual and the code the Manual contained. It thus had the "exclusive right to prepare derivative works." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 737 (9th Cir. 2019) (cleaned up) (quoting 17 U.S.C. § 106(2)). Because Matthews admitted that he used portions of the Manual to create his compilation work, the district court correctly found that he could not claim copyright ownership of that work.

2.      TD Ameritrade's failure to register a copyright does not prevent it from asserting its ownership rights in response to Matthews's counterclaims. *See* 17 U.S.C. § 408(a) ("[R]egistration is not a condition of copyright protection."). Nor does *Twin Books Corp. v. Walt Disney Co.*, 83 F.3d 1162 (9th Cir. 1996), upon which Matthews relies, require TD Ameritrade to publish its materials with a copyright notice to retain copyright protection. *Twin Books* interpreted the 1909 Copyright Act. *See* 83 F.3d at 1165 ("It is undisputed that the 1909 Copyright Act, 17 U.S.C. §§ 1, *et seq.* (superseded 1976) applies in this case."). Copyright notice formalities

3

were subsequently eliminated from federal copyright statutes. *See* Berne Convention Implementation Act of 1988, Pub. L. No. 100-568, § 7, 102 Stat. 2853 (1988) (amending 17 U.S.C. § 401); *Golan v. Holder*, 565 U.S. 302, 307 (2012) (formalities are "no longer require[d] as prerequisites to copyright protection").

3.      The district court also did not err in its construction of the TD Ameritrade Client Agreement. A client signing the agreement acknowledges that "I will not . . . create derivative products from the Services." The district court correctly held that this plain language allows customers to use TD Ameritrade's materials while preserving TD Ameritrade's exclusive rights to derivative works. *See DC Comics*, 802 F.3d at 1023.

**AFFIRMED.**